# UNITED STATES DISTRICT COURT
## for the EASTERN DISTRICT OF VIRGINIA

BROWN UNIVERSITY
    in Providence in the
    State of Rhode Island and
    Providence Plantations,

        Plaintiff,

    v.

DONALD R. THARPE,

TONI M. THARPE and

THE CITY OF NEWPORT NEWS
    d/b/a Lee Hall Mansion


        Defendants.

Civil Action No.:  4:10-cv-167

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND MOTION FOR INJUNCTIVE RELIEF

### PRELIMINARY STATEMENT

Plaintiff Brown University owns a unique and very valuable historic artifact, a Tiffany Silver Presentation Sword, and an ornamental scabbard, that were presented to Colonel Rush C. Hawkins, founder and regimental commander of the famed 9th New York Volunteers, by 50 notable citizens of New York City, in May of 1863.  Known as the "Hawkins Zouaves" the 9th New York was one of the first Zouave regiments in the war on either side and became a highly decorated regiment under Colonel Hawkins'

leadership.

The Presentation Sword and ornamental scabbard at issue in this matter were made by Tiffany & Company and were part of Colonel Hawkins' personal collection until he donated them to the Annmary Brown Memorial ("The Memorial") a non-profit corporation Colonel Hawkins founded and helped fund in honor of his deceased wife, who was a the granddaughter of one of the founders of Brown University.  Formed originally as an independent charitable organization, The Memorial is located on land now owned by Brown University.  In 1948, The Memorial and its contents became part of Brown University and the artifacts in The Memorial came under the control of the Special Collections Librarian.

The Tiffany Silver Presentation Sword and the matching ornamental scabbard were taken unlawfully from Brown University in the 1970s.  They recently surfaced in the Lee Hall Mansion in Newport News, Virginia, and then on December 7, 2010, appear to have been transferred to the possession of the defendants Donald R. and Toni M. Tharpe.

Brown University brings this action pursuant to 28 USC §2201 *et seq*., seeking a declaration that Brown University is the titleholder to the Sword and ornamental scabbard and is entitled to immediate possession of these invaluable historic artifacts.  Because there is a substantial risk that both items may be sold, transferred, or otherwise disappear again, Brown University also seeks a Temporary Restraining Order under Fed. R. Civ. P. 65 (b)(1) and a Preliminary Injunction under Fed. R. Civ. P. 65(a)(1) preventing the Sword and scabbard from being transferred by the Tharpes until the Court determines the

rights of the parties after a hearing on the merits.

## I. PARTIES

1.    Plaintiff Brown University in Providence in the State of Rhode Island and Providence Plantations ("Brown University") is a Non-Profit Corporation operating as a university organized under the laws of the State of Rhode Island with a principal place of business in Providence, Rhode Island.  Brown University owns a unique and highly valuable historical artifact known as the Rush C. Hawkins Tiffany Silver Presentation Sword ("The Presentation Sword"), and an accompanying ornamental scabbard, that were held in the Annmary Brown Memorial as part of the Special Collections Library at Brown University, until they were removed without lawful authority.  The Presentation Sword, with a matching ornamental scabbard and a Presentation Box, was presented to Colonel Hawkins in May of 1863 in recognition of his gallant service to the Country as regimental commander of the 9th New York Volunteers during the Civil War.  In 1907, Colonel Hawkins donated the Presentation Sword, scabbard, and Presentation Box, to the Annmary Brown Memorial, which is currently owned by Brown University.

2.    Defendants Donald R. Tharpe and Toni M. Tharpe are individuals who reside at 602 River Bluffs, Williamsburg, Commonwealth of Virginia.

3.    Defendant City of Newport News, Virginia, is a municipal corporation incorporated under the laws of the Commonwealth of Virginia.  At all material times, Newport News owned and operated Lee Hall Mansion through the City's

3

Department of Parks and Recreation, Historical Services Division.

## II.    JURISDICTION AND VENUE

4.    Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the plaintiff is a resident of a state different from the defendants and because the value of the matter in controversy exceeds $75,000.

5.    Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events on which the claim is based occurred in the Eastern District of Virginia.

6.    An actual controversy exists under 28 USC §2201 (a) *et seq*. between Brown and the Tharpes as to the ownership, and right to immediate possession of the Presentation Sword and ornamental scabbard.

## III. FACTS

7.    In May of 1863, 50 prominent citizens of New York City honored Colonel Rush C. Hawkins with a Tiffany Silver sword and matching scabbard for his gallantry in battle and service to the Country during the first two years of the Civil War. The Sword and scabbard were presented to Colonel Hawkins in a Presentation Box lined with blue velvet, which bore Colonel Hawkins' initials, RCH, and the insignia of Tiffany & Company on the outside.

8.    Colonel Hawkins was the founder of the famed "Hawkins Zouaves", the 9th New York Volunteer Regiment that he formed in New York City shortly after April of 1861.  The 9th New York served with great valor and distinction in several critical battles and engagements including Big Bethel, Cape Hatteras, the Battle of

Roanoke Island, the Battle of Camden, the Battle Fredericksburg, South

Mountain, the Battle of Antietam and the Siege of Suffolk as well as numerous

other engagements and skirmishes.

9. Colonel Hawkins maintained ownership of this Presentation Sword, the

ornamental scabbard, and the Presentation Box until he donated these pieces to

the Annmary Brown Memorial in 1907.

10. In  1903, the State of Rhode Island incorporated the Annmary Brown Memorial as

a charitable corporation for the purpose of maintaining and preserving a museum

collection for the benefit of the public.  A true and accurate copy of the original

Act of Incorporation dated January 1903 is attached as Exhibit 1.

11. By Charter, The Memorial was authorized to take, hold and preserve artifacts

donated to it but not to sell or otherwise transfer out of The Memorial any of these

artifacts.  Colonel Hawkins founded The Memorial in honor of his deceased wife,

Annmary Brown, who was a descendant of Nicholas Brown, one of the founders

of Brown University.

12. In 1907, Colonel Hawkins endowed the Annmary Brown Memorial by executing

a Deed of Indenture dated June 27, 1907.  A true and accurate copy of the Charter

of the Annmary Brown Memorial as Amended is attached as Exhibit 2.  As part of

the Indenture, Colonel Hawkins donated land to The Memorial along with a

building and several valuable items of personal property to be held in The

Memorial perpetually.  Among the personal items Colonel Hawkins donated to

The Memorial were the Presentation Sword, the matching scabbard and the

Presentation Box.

13. According to Clause SIXTH of the Deed of Indenture, no item of personal property donated to The Memorial "shall at any time be removed from [The Memorial], except for the purpose of repair or restoration."

14. The Presentation Sword and scabbard are unique and highly valuable artifacts because of the military contributions and gallantry of their original owner, the artistic beauty of these unique pieces, the company that manufactured them, and the identity of the 50 very prominent New York citizens who presented these pieces to Colonel Hawkins.

15. The pieces are quite distinctive in several respects, and therefore easily identified. The Sword and scabbard were made by Tiffany & Company of New York in 1863, and were of such importance that the Sword is mentioned in a book on the history of Tiffany & Company entitled *Charles L. Tiffany and the House of Tiffany & Co.,* by George Frederic Heydt published in 1893.

16. The Sword and scabbard are both elaborately appointed and made of highly valuable metals. The Sword itself is comprised of sterling silver, except the blade. The Sword and scabbard are described in detail in a program of the Testimonial given in Colonel Hawkins' honor dated May 20, 1863. A true and accurate copy of the Testimonial is attached as Exhibit 3 to this Complaint.

17. There are several distinctive features that are unique to this artifact, which are described in the Testimonial. For example, Colonel Hawkins' initials, RCH (for Rush Christopher Hawkins), protrude prominently from the scabbard guard of the

piece.  The handle of the sword includes images of a Zouave soldier, appearing to be standing guard, on each side.  The scabbard bears the inscription "Presented to Col. Rush C. Hawkins of the Hawkins Zouaves for his gallantry and dedication to his Country by fifty of his fellow citizens of New York, May 1863."

18.     Brown University has several sketches of some of the unique features of this artifact, drawn by the Tiffany Company.  Three photographs of these Tiffany sketches that are still in Brown University's possession are attached as Exhibit 4.  The sketches match precisely the several distinctive features on the Sword that were being held and displayed at the Lee Hall Mansion but, on December 7, 2010, were transferred to the possession of the Tharpes.

19.     In 1948, The Memorial, and all of the possessions contained in The Memorial, was transferred to the ownership of Brown University by Decree of the Superior Court of the State of Rhode Island dated February 4, 1948.  A true and accurate copy of the Decree is attached as Exhibit 5.  The Presentation Sword, scabbard and Presentation Box were transferred to Brown University's ownership by this Decree.

20.     According to Clause FIFTH of the Decree, Brown stood "seized and possessed of the property, real and personal, conveyed" by the Decree "upon perpetual trust." (Emphasis in original).  Further, under Clause FIFTH, §4, the artifacts in the collections conveyed to Brown University "shall forever remain deposited in [The Memorial]."  The Presentation Sword, scabbard and Presentation Box were part of the artifacts conveyed.  Thus, by the original Deed of Indenture in 1907 and the

Decree of the Providence Superior Court of 1948, none of the items in The Memorial could be sold, transferred, or even be lawfully removed from The Memorial except for purposes of restoration.

21.    This Tiffany Silver Presentation Sword, the ornamental scabbard and another civil war sword and matching scabbard donated by Colonel Hawkins to The Memorial were stolen or otherwise removed without lawful authority from The Memorial more than 30 years ago.  However, Brown still has the Presentation Box that came with the Tiffany Presentation Sword.  It bears wear marks where the handle and hilt wore away some of the blue felt over the years.

22.    Nine photographs of the Presentation Box are attached as Exhibit 6.  The exterior of the Box bears a plate with Colonel Hawkins' initials, and another bearing the inscription "Tiffany & Co."

23.    The Tiffany Silver Presentation Sword and ornamental scabbard were never relinquished, sold, traded or otherwise subject to any passage of title by any authority of its owner, Brown, which has the right to immediate possession of them.

24.    The Presentation Sword and the accompanying ornamental scabbard were, from December 28, 2009, to December 7, 2010, in the possession of, and on display at, Lee Hall Mansion to which, upon information and belief, they were entrusted by the defendants Donald R. Tharpe and Toni M. Tharpe.  Eleven pictures of the Presentation Sword and ornamental scabbard on display at Lee Hall Mansion are attached as Exhibit 7.  The Sword depicted in the photographs matches exactly the

sketches still held by Brown University (attached as Exhibit 4) as well as the

detailed description of the Presentation Sword contained in the Testimonial from

May 20, 1863 (attached as Exhibit 3).

25.     If the Sword and scabbard on display in Lee Hall Mansion were placed inside the

Presentation Box still held by Brown, they would fit exactly and the wear marks

would match precisely the location of the edges of the hilt and handle.

26.     There is no doubt that the Presentation Sword and ornamental scabbard depicted

in Exhibit 7 that were on display at the Lee Hall Mansion were the Presentation

Sword and its scabbard that were unlawfully taken from Brown.

27.     On January 5, 2011, the city of Newport News, Virginia, produced documents

showing that the "Rush Hawkins Tiffany & Co. Presentation Sword" that had

been on display at Lee Hall Mansion was loaned to Lee Hall Mansion by Donald

R. Tharpe and Toni M. Tharpe on December 28, 2009, for the period of one year

(attached as Exhibit 8).  The documents further show that the "Rush Hawkins

Tiffany & Co. Presentation Sword" was "loaned" by the museum back to Donald

R. Tharpe and Toni M. Tharpe from December 7, 2010, to December 27, 2010,

the end of the original one-year loan period.  (The Tharpes had previously loaned

the sword and scabbard to the museum from 1998 to 2002.)  The description in

the "Catalogue Work Sheet" confirms that the sword is the "Civil War

Presentation Sword/Colonel Rush Hawkins, 9th NY Inf" that was unlawfully taken

from Brown.

28.     Brown University is entitled to recovery of these items, as it remains the true

owner of the Presentation Sword and scabbard.

29.     Although the Presentation Sword and ornamental scabbard are invaluable historic

pieces, their fair market value far exceeds $75,000.

## COUNT I

### REQUEST FOR TEMPORARY RESTRAINING ORDER
### AND PRELIMINARY INJUNCTION

30.     Brown University repeats and re-alleges the allegations contained in paragraphs

1-28 as if expressly set forth.

31.     The Presentation Sword and scabbard are unique and have great historic value,

not only because of their original owner and the battlefield valor they reflected,

but also because of the identity of the manufacturer and of the 50 prominent New

York citizens who participated in the Testimonial in 1863.  The fact that the

Sword is made of Tiffany Silver only adds to the market value of this unique and

historic piece.

32.     There is a substantial risk that the Presentation Sword might be sold or transferred

at any time unless the Court immediately orders the Presentation Sword and

scabbard be returned by Donald R. Tharpe and Toni M. Tharpe to the City of

Newport News for retention at Lee Hall Mansion until the rights of all those who

claim an interest in them are determined by the Court at a hearing or trial.

33.     Brown University will suffer immediate and irreparable harm if the Presentation

Sword and ornamental scabbard disappear once again and Brown is deprived of

its opportunity to prove the identity of the Sword and scabbard and its title to

them.

34.    Donald R. Tharpe and Toni M. Tharpe will not suffer any harm if they are ordered to hold the Sword and scabbard until such time as the Court can adjudicate Brown's claim of title to them.

WHEREFORE, Brown University requests that this Court:

1.    Issue a temporary restraining order restraining pursuant to Fed. R. Civ. P. 65 (b)(1) defendants Donald R. Tharpe and Toni M. Tharpe, their employees, agents and servants, from selling, transferring, or otherwise disposing of the sword and/or scabbard, until further Order of this Court;

2.    After hearing, issue a preliminary injunction pursuant to Fed. R. Civ. P. 65 (a)(1) ordering defendants Donald R. Tharpe and Toni M. Tharpe , their employees, agents and servants to refrain from selling, transferring, or otherwise disposing of the Sword and/or scabbard, until further Order of this Court;

3.    After trial on the merits, enter a judgment that Brown is the true owner of the artifacts and ordering defendants to deliver the Presentation Sword and ornamental scabbard to Brown University; and

4.    Grant such other relief that the Court deems just and appropriate.

## COUNT II

## COMPLAINT FOR
## DECLARATORY JUDGMENT

35.    Brown University repeats and re-alleges the allegation contained in paragraphs 1-33 as if expressly set forth.

36.    Brown University is the true owner of both the Tiffany Silver Presentation Sword and the ornamental scabbard that are shown in the photographs attached as Exhibit 7 and has never relinquished title to these historic artifacts.

37.    Brown is entitled to immediate possession of the Presentation Sword and ornamental scabbard now in the possession of Donald and Toni Tharpe.

WHEREFORE, plaintiff respectfully requests that this Court:

1.    After hearing on the merits, declare the rights of the parties as to ownership of the Presentation Sword and scabbard;

2.    Enter judgment declaring that Brown has title to the Presentation Sword and scabbard;

3.    Order Donald R. Tharpe and Toni M. Tharpe of the City of Newport News to permanently relinquish the Presentation Sword and Scabbard to Brown University immediately; and

4.    Grant such other relief, as the Court deems just and appropriate.

Respectfully submitted,

BROWN UNIVERSITY

By Counsel

Counsel:

_____/s/_____
Robert W. McFarland, VSB No. 24021
Erin Q. Ashcroft, VSB No. 74639
McGUIRE WOODS LLP
9000 World Trade Center
Norfolk, VA 23510-1655
(757) 640-3716
(757) 640-3966 fax
rmcfarland@mcguirewoods.com


Christopher A. Duggan
Massachusetts BBO No.: 544150
SMITH & DUGGAN LLP
Two Center Plaza
Boston, MA 02108
(617) 228-4444
Chris.duggan@smithduggan.com

*Counsel for Brown University*


\28538520.1