IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

BROWN UNIVERSITY,
    in Providence in the
    State of Rhode Island and
    Providence Plantations

    Plaintiff,

v.                                                CIVIL NO. 4:10cv167

DONALD R. THARPE,

and

TONI M. THARPE,

    Defendants.

FILED
JUL - 1 2011
CLERK, U.S. DISTRICT COURT

## OPINION AND ORDER

In the instant action, Plaintiff Brown University ("Plaintiff") seeks the return of a Tiffany Presentation Sword from the Defendants, Donald R. Tharpe and Toni M. Tharpe, ("Defendants."), alleging that the sword was stolen from its collection. This matter is currently before the Court on a Motion to Dismiss filed by Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court denies Defendants' Motion to Dismiss.

I.  Factual and Procedural Background

In May of 1863, Colonel Rush C. Hawkins was presented a personalized silver Tiffany sword and matching scabbard (hereinafter "the sword") by a group of citizens of New York for his

distinguished service in the Civil War. Hawkins subsequently donated the sword to the Annmary Brown Memorial in honor of his wife, a granddaughter of one of Brown University's founders. In 1948 this memorial and its contents became part of Brown University.

At some point subsequent to this date, the sword disappeared from the memorial. On December 29, 2010, Plaintiff filed a lawsuit in this Court, alleging that the sword had reappeared at Lee Hall Mansion in Newport News, Virginia and seeking their return from that institution. On January 7, 2011, the Court held a hearing where it was determined that Defendants were the parties in possession of the sword that had appeared in Newport News, having lent it to Lee Hall Mansion for display. It was further determined that Lee Hall Mansion had returned the sword to Defendants on December 10, 2010. In light of this, the Court issued a temporary restraining order preventing Defendants from selling, transferring or disposing of the sword. Following entry of this order, the parties agreed to transfer the sword to a storage facility in New York City where Plaintiff could examine it. The parties are currently enjoined by order of the Court from removing the sword from this facility.

Defendants now move to dismiss Plaintiff's Complaint, which was amended after the January 7 hearing to add the Tharpes as defendants. Defendants seek to dismiss the Amended Complaint under two theories. First, Defendants argue that Plaintiff has not alleged sufficient facts to support its claim that it actually possessed the sword in question. Second, they argue that Defendant's lawsuit is barred by the statute of limitations under Virginia law.

II. Analysis

A. Allegation of Facts to Support a Claim

Fed. R. Civ. P. 12(b)(6) permits a party to move the court to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), have clarified how the sufficiency of a complaint is to be evaluated under Rule 8. Under these cases, there are two essential requirements for a pleading: that its allegations be sufficient and that its allegations be plausible.

In evaluating the sufficiency of a complaint under Twombly and Iqbal, a district court must engage in a two-step process. First, the court must begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct., at 1949. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, the court must decide whether the remaining allegations in the complaint—taken as true—state a "plausible claim for relief." Id. (quoting Twombly, 550 U.S., at 570). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to decide whether the facts "permit the court to infer more than the mere possibility of misconduct." Id. at 1950 (citing Iqbal v. Hasty, 490 F.3d 143, 157 (2nd Cir. 2007). In essence, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." Id. at 1949.

In its Reply to Defendants' Motion to Dismiss, Plaintiff argues that it has validly stated a cause of action based in the Virginia law of detinue. Detinue, which is nearly identical to the action of replevin, is a "possessory action having for its object the recovery of specific personal property." U.S. v. Moffitt, Zwerling & Kemler, P.C., 875 F.Supp. 1190, 1198 (E.D.Va.,1995) (citing 66 Am.Jur.2d Replevin § 160 (1973); MacPherson v. Green, 197 Va. 27, 87 S.E.2d 785, 789 (1955); Sinclair v. Young, 100 Va. 284, 40 S.E. 907, 908 (1902)), aff'd in part, rev'd in part on other grounds, 83 F.3d 660 (4th Cir. 1996). To state a claim for detinue under Virginia law, a plaintiff must allege (1) that the property sought to be recovered is identifiable, (2) that the property is of some value, (3) that the plaintiff has a property interest in it, (4) that the plaintiff has the right to immediate possession of the property, and (5) that the defendant had possession of the property at some time prior to the institution of the detinue action. York v. Jones, 717 F.Supp. 421, 427 (E.D.Va. 1989) (citing D.T. Vicars v. Atlantic Discount Co., 205 Va. 934, 140 S.E.2d 667, 670 (1965).

Plaintiff's Amended Complaint sets out specific factual allegations that support each of these elements. It identifies the sword as a "unique . . . historical artifact" with "several distinctive features," including Colonel Hawkins' initials and an inscription dedicating the sword to him. It alleges that the sword has a fair market value exceeding $75,000. It explains how Colonel Hawkins donated the sword to the Annmary Brown Memorial, which was subsequently transferred to the ownership of Brown University, establishing Plaintiff's property interest in the sword. It states that the sword was stolen or otherwise removed without lawful authority from the Memorial over thirty years ago, establishing Plaintiff's right to immediate possession of the sword. Finally, it pleads specific facts alleging that the sword in question was on display at Lee Hall

Mansion in 2010, having been loaned to that institution by Defendants. These facts serve to establish that Defendants had possession of the sword at some time prior to the detinue action. In short, Plaintiff's allegations have "nudged its claims across the line from conceivable to plausible," allowing the Court to draw the reasonable inference that the defendant is liable for the return of the sword. Iqbal, 129 S.Ct. at 1950-1951 (quoting Twombly, 550 U.S., at 570). Defendant's Motion to Dismiss must therefore be denied with respect to its theory that Plaintiff has not alleged sufficient facts to support its claim.

B. Statute of Limitations

When filing their Motion to Dismiss, Defendants attached a series of six letters between an attorney representing Brown University and an attorney representing Robert Harper, a collector in Illinois (Exhibits C – H). This correspondence, which was initiated in September 1991 and concluded in March 1992, documents the efforts of Brown University to inspect a sword in Harper's possession that it suspected to be the Hawkins sword. Based on these letters, Defendants move the Court to dismiss Plaintiff's Amended Complaint as time-barred by the Virginia statute of limitations on detinue actions.

Fed. R. Civ. P. 12(d) dictates that "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Here, such matters have been presented to the Court in the form of the Brown/Harper correspondence attached to Defendant's Motion to Dismiss. While such extrinsic evidence is generally not considered at the 12(b)(6) stage, it is within the Court's discretion to address it under the process delineated by Rule 12(d). Finley Lines Joint

Protective Bd. Unit 200 v. Norfolk S. Corp., 109 F.3d 993, 995-7 (4th Cir. 1997).

Defendants argue that the Court is permitted to consider documents "that the plaintiff either possessed, or knew about and relied upon in bringing the suit," without converting a 12(b)(6) motion into a motion for summary judgment. Grosz v. Museum of Modern Art, No. 09 Civ. 3706, 2010 U.S. Dist. LEXIS 1667, at *4 (S.D.N.Y. Jan. 6, 2010) (citing Rothman v. Gregor, 220 F.3d 81, 88–89 (2d Cir.2000)). The Fourth Circuit, however, has held that such an exception only applies to documents that were "integral to and explicitly relied on in the complaint."[1] American Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th 2004) (citing Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir.1999). There is no showing here that the correspondence was "integral to" and "explicitly relied on" in Plaintiff's Amended Complaint. The Amended Complaint makes no reference to the correspondence or to Mr. Harper's alleged possession of the sword, nor does it contain facts or allegations premised directly upon the correspondence. The Court therefore finds that the correspondence is outside the scope of the Amended Complaint. Under Fourth Circuit law, it cannot be considered under a 12(b)(6) motion to dismiss without converting the motion to one for summary judgment.

In the interest of judicial economy and efficiency, the Court declines to convert Defendants' motion to dismiss with respect to its claim that Plaintiff's complaint is time-barred. On its face, the allegation that the exploratory correspondence from Brown to Harper constituted a "demand" is dubious. If, having answered Plaintiff's Amended Complaint, Defendants still desire to pursue this speculative argument, they may do so in a motion for summary judgment filed

---

[1] The Court notes that Groz, an unreported case, appears to incorrectly read Rothman v. Gregor. Rather than permitting courts to consider "documents that the plaintiff either possessed, or knew about and relied upon in bringing the suit," Rothman allows them to review "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit" (emphasis added). The separate phrases "possessed or knew about" and "upon which they relied" are more accurately read as distinct and conjunctive. Thus the "reliance" element would be required under Rothman, just as it is in the Fourth Circuit.

in accordance with the Local Rules of this Court.

III. Conclusion

For the reasons set forth above, the Court hereby **DENIES** Defendant's Motion to Dismiss, both with respect to its allegation that Plaintiff's Amended Complaint has failed to state a claim, and its allegation that Plaintiff's action for detinue is time-barred under Virginia statute of limitations law. Defendants are granted leave to readdress their statute of limitations argument in a motion for summary judgment under Fed. R.Civ. P. 56 if they so choose. Defendants are further hereby **ORDERED** to file any Answer to Plaintiff's Amended Complaint by July 11, 2011 at 12:00 p.m.

The Clerk is **DIRECTED** to deliver a copy of this Opinion and Order to all Counsel of Record in this case.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Newport News, Virginia
June 30, 2011